■ In the Matter of RAMON RAIMUNDI et al., Respondents, v. BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR inter alia to enjoin the Board of Elections of the City of New York from utilizing computer lists of names and addresses of persons, registered to vote in general elections, in the elections for positions on community school boards in the City of New York scheduled for May 1, 1973, the appeal is from a judgment of the Supreme Court, Kings County, entered April 19, 1973, which granted the petition and directed said Board of Elections to make available at said community school board elections all the registers of persons registered to vote in general elections (commonly known as "buff cards"). Judgment reversed, on the law, without costs; petition dismissed; and it is adjudged that computer lists of persons registered to vote at general elections may be utilized in the community school board elections in question. Section 2590-b (subd. 1, par. [c]) of the Education Law states that for the purpose of elections to choose members of the Board of Education of the City of New York the provisions of section 2606 of the Education Law, inter alia, shall be applicable, even though article 53 of the Education Law (in which section 2606 appears) specifically applies only to city school districts in cities of less than 125,000 inhabitants. Subdivision 2 of section 2606 provides, in relevant part, that a board of elections may elect to furnish, in place of the original registers of voters, a certified list of registered voters. No provision comparable to section 2590-b (subd. 1, par. [c]) of the Education Law exists with respect to elections to choose members of community school boards (see, generally, Education Law, § 2590-b, subd. 2, § 2590-c). We discern no valid basis for distinguishing between elections for board of education members and community school board members with regard to the use of computer "print-out" lists and, in the absence of any provision mandating the use of the original registers in elections to choose members of community school boards, we hold that in this situation the use of computer "print-out" lists is permissible. In so holding, we are not unaware of section 2590-c (subd. 6, par. [31]) of the Education Law, but find it to be inapplicable under the circumstances disclosed in the papers in this proceeding. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.